UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| STEVE HER MANY HORSES,<br><br>             Plaintiff,<br><br>     vs.<br><br>UNITED STATES DEPARTMENT OF INTERIOR; BUREAU OF INDIAN AFFAIRS; TIM LAPOINTE, GREAT PLAINS REGIONAL DIRECTOR; SEBASTIAN LEBEAU, ACTING SUPERINTENDENT, PINE RIDGE AGENCY; and JOE WALN,<br><br>             Defendants. | CIV. 15-5041-JLV<br><br><br>ORDER |

      Plaintiff Steve Her Many Horses filed a complaint seeking injunctive and declaratory relief against the defendants.  (Docket 1).  Mr. Her Many Horse's complaint asks the court to require the Bureau of Indian Affairs of the United States Department of the Interior to rescind a land lease on the Pine Ridge Indian Reservation and award the lease to plaintiff.  Id.

      On September 4, 2015, the defendants filed a motion to dismiss plaintiff's complaint, together with a supporting brief and a declaration.  (Dockets 5-7).  On September 25, 2015, the plaintiff filed a motion seeking additional time to respond to the defendants' motion to dismiss.  (Docket 8).  On October 5, 2015, the court granted plaintiff's motion.  (Docket 9).  The order granted plaintiff an extension until October 22, 2015, to file his response to the defendants' motion to dismiss.  Id.  As of the date of this order plaintiff has not filed a response to

the defendants' motion, has not sought a further extension of time within which to file his response and the time for doing so has expired.

The Federal Rules of Civil Procedure are to "be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1. Local rules of the court require a party within the time specified by the court to "file a responsive brief containing opposing legal arguments and authorities in support thereof."  D.S.D. Civ. LR 7.1(B).  The court finds Mr. Her Many Horses failed to satisfy the October 5, 2015, order and D.S.D. Civ. LR 7.1(B).

"A district court has [the] power to dismiss an action for refusal of the plaintiff to comply with any order of court, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion."  Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984).  "A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order."  Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").

The court finds dismissal of plaintiff's complaint is appropriate given his disregard of the Federal Rules of Civil Procedure, the court's order and the court's local rules.

Accordingly, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed without prejudice.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Docket 5) is denied as moot.

Dated July 14, 2016.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE